DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee and denied it to appellant. The essence of this case revolves around the validity of a state statute enacted in 2006, R.C. 9.481, expressly to invalidate municipal charter provisions throughout Ohio requiring *Page 2 
municipal employees to reside within the boundaries of the municipality as a precondition of their government employment.
 {¶ 2} Under the disputed municipal charter residency requirements, prospective municipal employees voluntarily waive the right to maintain residency outside the boundaries of the municipality offering them employment upon acceptance of said employment. The residency requirement provision does incorporate flexibility, enabling exceptions to be made. Specifically, the city of Toledo Charter residency provision specifically allows residency waivers to be granted in order to accommodate unique circumstances or cases where it is shown that a waiver is required in the interests of justice.
 {¶ 3} R.C. 9.481, was drafted to constitute a general prohibition of municipal charter employee residency requirements in Ohio, even where waivers are permitted in the interest of justice. R.C. 9.481 was enacted ostensibly under the legislature's authority to regulate the wages and working conditions of labor granted under Section 34, Article II of the Ohio Constitution.
 {¶ 4} In its summary judgment ruling, the trial court declared R.C.9.481 lawful and prevailing as applied to the conflicting municipal employee residency requirement provision of the city of Toledo Charter. For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 5} Appellant, the city of Toledo, sets forth the following two assignments of error: *Page 3 
 {¶ 6} "No. 1 The trial court erred when it granted the State's motion for Summary Judgment, because Ohio Revised Code 9.481 was not properly enacted pursuant to Art. II, § 34 of the Ohio Constitution.
 {¶ 7} "No. 2 The trial court erred when it denied the City's Motion for Summary Judgment because the City's Charter residency requirements prevail over Ohio Revised Code Section 9.481."
 {¶ 8} The following undisputed facts are relevant to the issues raised on appeal. Section 34, Article II, Ohio Constitution, authorizes state legislation regulating wages and employment conditions affecting workers engaged in the performance of labor. It states, "Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the Constitution shall impair or limit this power." This provision, by the plain meaning of its own language, was clearly intended to address the compelling public interest in regulating hours required to be worked, wages paid, and conditions in the workplace in order to protect employees from abusive wages, hours and unsafe conditions.
 {¶ 9} Another portion of the Ohio Constitution is highly consequential to our analysis of this matter. Ohio municipalities enjoy constitutional authority to enact local rules in the exercise of local self-government. Article XVIII of the Ohio Constitution establishes, "Any municipality may frame and adopt or amend the charter for its government and may, subject to the provisions of section 3 of this article, exercise *Page 4 
thereunder all powers of local self-government." This is commonly referred to as the "home rule" provision.
 {¶ 10} Pursuant to this constitutional grant of legislative home rule power, the city of Toledo Charter establishes in relevant part, "every officer and employee must be a resident of the city of Toledo." However, in order to permit exceptions and accommodate special and compelling cases, the Charter specifically provides authority to grant municipal residency requirement waivers where, "justice to such employee so requires."
 {¶ 11} On January 27, 2006, then Governor Taft executed Senate Bill 82. This bill was codified as R.C. 9.481 with an effective date of May 1, 2006. R.C. 9.481 states in pertinent part, "no political subdivision shall require any of its employees, as a condition of employment, to reside in any specific area of the state." Given its direct contravention to municipal charter employee residency requirements, including Toledo's Charter residency provision enacted pursuant to the home rule provision of the Ohio Constitution, Toledo filed a complaint on April 28, 2006, requesting a judicial determination that R.C. 9.481
is unconstitutional. On June 9, 2006, the state of Ohio filed its answer. On November 13, 2006, opposing motions for summary judgment were filed.
 {¶ 12} On April 26, 2007, two municipal employee unions, namely, Toledo Firefighters Local 92 and the Toledo Police Patrolmen's Association, requested and were granted leave to file amicus curiae briefs in support of the state position that their members should not be required to reside in the municipality that provides them *Page 5 
government employment. These plaintiffs argued that residing in Toledo has a significant adverse impact on them. They assert that, "some employees may be hard pressed to afford housing in the community where they work, while more affordable housing may exist just across the city limits." No supporting factual data is furnished to establish that housing opportunities are more affordable in area suburbs of Northwest Ohio or Southeastern Michigan in comparison to the city of Toledo so as to support the financial hardship argument as relevant to Toledo's residency requirement.
 {¶ 13} In addition, they argue that the residency requirement creates additional quality of life burdens such as inhibiting them from shopping where they would like, going to church where they would like, or sending their children to the school they would like. Again, other than their assertions, the plaintiffs have failed to submit any factual evidence or data to demonstrate how residing within the boundaries of Toledo as a condition of their employment by Toledo burdens or inhibits its municipal employees from shopping, worshipping, or educating their children.
 {¶ 14} Further, to address any individual concerns, the Toledo Municipal Charter expressly contains a waiver provision for any unique and special cases where an undue burden of some kind can be established such that justice requires a waiver.
 {¶ 15} In its first assignment of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment. In support, appellant contends that R.C. 9.481 is not a proper legislative enactment pursuant to Section 34, Article II as argued by appellee. It is axiomatic that rules and provisions of law be interpreted and *Page 6 
applied given their reasonable, plain and ordinary meaning. The crux of the state's position in support of R.C. 9.481 is that it is a proper legislative enactment pursuant to Section 34, Article II. Article II states in relevant part, "Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees."
 {¶ 16} Consistent with the language of the constitutional provision, Ohio Supreme Court precedent analyzing the scope of powers granted by Section 34, Article II consistently pertain to the public interest in workload, workplace, and compensation issues affecting employee welfare as opposed to preconditions to qualify for the employment. For example,American Assn. of Univ. Professors v. Central State Univ. (1999),87 Ohio St. 3d 55 dealt with R.C. 3345.45, which exempted public university professor workloads from collective bargaining. By contrast, R.C. 9.481
involves an "off-duty" right voluntarily waived as a precondition of employment by those seeking and accepting municipal employment. It does not entail "on-duty" hours worked, wages earned, or workplace conditions. As such, R.C. 9.481 does not fall within the purview of Article II, Section 34 and improperly undermines the well-established home rule provision set forth in Article XVIII of the Ohio Constitution.
 {¶ 17} Our review of summary judgment determinations is conducted on a de novo basis, applying the same standard used by the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129;Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine *Page 7 
issue of material fact and, considering the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C).
 {¶ 18} We have carefully reviewed and thoroughly considered the record of evidence. In applying the above legal principles to appellant's first assignment of error, we find that R.C. 9.481 does not pertain to the protection of employees' welfare from adverse wages, hours, or working conditions. Rather, it pertains to "off-duty" residential location preferences. Such residential preferences were voluntarily waived upon the acceptance of municipal employment. Terms and conditions of employment and the choice of whether to accept employment with certain terms and conditions are inherent in all employment decisions in a free market economy.
 {¶ 19} The unconvincing and unsupported reasons offered in an effort to establish an unacceptable or unfair burden imposed upon municipal employees by the residency requirement are not persuasive.
 {¶ 20} Reasonable minds can only conclude that R.C. 9.481 is not a proper legislative enactment encompassed by Section 34, Article II of the Ohio Constitution. It is an obvious attempt to circumvent constitutional municipal home rule authority established granted by Article XVIII of the Ohio Constitution. Appellant's first assignment of error is found well-taken.
 {¶ 21} In its second assignment of error, appellant asserts that the trial court erred in denying Toledo's motion for summary judgment to declare its Charter residency *Page 8 
requirement a valid exercise of its home rule authority pursuant to Article XVIII of the Ohio Constitution. First, we note that the disputed Charter provision expressly authorizes the granting of residency waivers in the interest of justice.
 {¶ 22} Given our holding that R.C. 9.481 is not encompassed by or constitutional pursuant to Article II, the express incorporation of a justice waiver in the Charter, and the home rule authority established by Article XVIII of the Ohio Constitution, we find that the Toledo Charter residency requirement is a valid and proper exercise of the constitutional grant of municipal home rule authority. Appellant's second assignment of error is found well-taken.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded the Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
William J. Skow, J., Thomas J. Osowik, J., concur.
Arlene Singer, J., dissents, and writes separately.